**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                              No. 00-4016

VERNA M. LEWIS,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
Samuel G. Wilson, Chief District Judge.
(CR-98-57-R)

Argued: September 29, 2000

Decided: December 19, 2000

Before WILKINS and MOTZ, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

___

Affirmed in part and vacated and remanded in part by published opinion. Judge Wilkins wrote the opinion, in which Judge Motz and Senior Judge Hamilton joined.

___

## COUNSEL

**ARGUED:** Melissa Windham Friedman, Roanoke, Virginia, for Appellant. Gregory Victor Davis, Tax Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee. **ON BRIEF:** Anthony F. Anderson, Roanoke, Virginia, for Appellant. Paula M. Junghans, Acting Assistant Attorney General, Robert E.

Lindsay, Alan Hechtkopf, Robert P. Crouch, Jr., United States Attorney, Tax Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

**OPINION**

WILKINS, Circuit Judge:

Verna M. Lewis was convicted of numerous charges related to the filing of false income tax returns and now appeals her convictions and the resulting sentence. Among other things, Lewis maintains that application to her of the 1998 version of the *U.S. Sentencing Guidelines Manual* violated the Ex Post Facto Clause and that the district court improperly ordered her to pay restitution. We affirm Lewis' convictions and the application of the guidelines, but vacate the restitution order and remand for further proceedings regarding that aspect of Lewis' sentence.

I.

Lewis is a physiatrist, a physician who specializes in physical medicine and rehabilitation. In 1988, she was recruited to work for the Lewis-Gale Hospital in Salem, Virginia. As part of Lewis' employment package, the Hospital guaranteed Lewis an income of at least $125,000 for the first year. In 1993, the Internal Revenue Service (IRS) began an investigation of guaranteed-income agreements at Virginia hospitals. When Lewis' tax returns were reviewed as part of this investigation, IRS personnel discovered improper deductions for purported business expenses that were actually personal in nature. In an effort to conceal the improper deductions, Lewis presented falsified documents to IRS investigators. Lewis also filed a false tax return for the year 1992 and filed false amended tax returns for the years 1990, 1991, and 1992.

Lewis was charged with, and convicted of, various offenses in connection with these activities. She now appeals, raising numerous challenges to her convictions and sentence. We have carefully reviewed Lewis' arguments related to her convictions and determined them to

be without merit. Accordingly, we will not discuss them further. Some of Lewis' claims regarding her sentence, however, do warrant discussion.

## II.

Lewis makes three challenges concerning her sentence. First, she contends that the district court violated the Ex Post Facto Clause when it applied the 1998 Guidelines Manual in calculating her sentence. Second, Lewis maintains that her due process rights were violated when the district court determined the tax loss, and hence the applicable guideline range, by a preponderance of the evidence. Finally, she argues that the restitution order entered by the district court is plainly erroneous. We address these contentions seriatim.

## A.

Lewis was convicted of four counts of filing false tax returns. The first offense occurred on April 13, 1993, when Lewis filed a false tax return for the year 1992. The other three offenses occurred on December 10, 1993, when Lewis filed false amended tax returns for the years 1990, 1991, and 1992. In the interim, on November 1, 1993, the sentencing guidelines were amended so as to increase the base offense level for filing a false tax return. Specifically, Amendment 491 amended the tax table in U.S.S.G. § 2T4.1 so that a tax loss of more than $40,000 resulted in a base offense level of 13, rather than 11. *See* U.S.S.G. App. C, amend. 491 (1997).

The district court is to apply the Guidelines Manual in effect at the time of sentencing unless doing so would violate the Ex Post Facto Clause. *See* U.S.S.G. § 1B1.11(a), (b)(1), p.s.; *see also id.* § 1B1.11, p.s., comment. (backg'd.) (noting that "courts to date generally have held that the *ex post facto* clause does apply to sentencing guideline amendments that subject the defendant to increased punishment"). The guidelines specifically instruct, however, that "[i]f the defendant is convicted of two offenses, the first committed before, and the second after, a revised edition of the Guidelines Manual became effective, the revised edition of the Guidelines Manual is to be applied to both offenses." *Id.* § 1B1.11(b)(3), p.s. Pursuant to § 1B1.11, the district court applied the 1998 Guidelines Manual in determining Lewis'

sentence.[1] Lewis maintains that because application of the 1998 Guidelines Manual resulted in increased punishment for the first incident of tax evasion, her sentence violates the Ex Post Facto Clause.

The question of whether the Ex Post Facto Clause is violated when a revised edition of the guidelines is applied to offenses that predate and postdate the revision is one that has divided the circuit courts of appeal. *Compare United States v. Vivit*, 214 F.3d 908, 917-19 (7th Cir.) (holding that application of revised Guidelines Manual to offenses that occurred both before and after revision, but which were grouped for sentencing purposes, did not violate Ex Post Facto Clause), *cert. denied*, 121 S. Ct. 388 (2000), *United States v. Kimler*, 167 F.3d 889, 893-95 (5th Cir. 1999) (same), *United States v. Bailey*, 123 F.3d 1381, 1406-07 (11th Cir. 1997) (same), *United States v. Cooper*, 35 F.3d 1248, 1250-52 (8th Cir. 1994) (same), *cert. granted, judgment vacated*, 514 U.S. 1094 (1995), *opinion reinstated*, 63 F.3d 761, 763 (8th Cir. 1995) (per curiam), *and United States v. Regan*, 989 F.2d 44, 48 (1st Cir. 1993) (holding that application of revised guidelines to offenses that occurred both before and after revision did not violate Ex Post Facto Clause), *with United States v. Ortland*, 109 F.3d 539, 545-47 (9th Cir. 1997) (holding that application of revised Guidelines Manual to offenses that occurred both before and after revision violated Ex Post Facto Clause), *and United States v. Bertoli*, 40 F.3d 1384, 1402-04 (3d Cir. 1994) (same).

The constitutional provision on which Lewis relies forbids the enactment of any "ex post facto Law." U.S. Const. art. I, § 9, cl. 3. The Ex Post Facto Clause prohibits, *inter alia*, the enactment of "any law which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed." *Weaver v. Graham*, 450 U.S. 24, 28 (1981) (internal quotation marks omitted). Accordingly, a law violates the Ex Post Facto Clause when it is retrospective— *i.e.*, when it applies to events predating its enactment—and it disadvantages those to whom it applies. *See Lynce v. Mathis*, 519 U.S. 433, 441 (1997). The central concern of the ex post facto prohibition is "the lack of fair notice and governmental restraint when the legislature increases punishment beyond what was prescribed when the crime was consummated." *Mil-*

---

[1]The relevant guidelines have not been amended since 1993.

*ler v. Florida*, 482 U.S. 423, 430 (1987) (internal quotation marks omitted). The Clause seeks to ensure "that legislative Acts give fair warning of their effect and permit individuals to rely on their meaning until explicitly changed," and guards against "arbitrary and potentially vindictive legislation." *Weaver*, 450 U.S. at 28-29.

We conclude that the guidelines provision of which Lewis complains, U.S.S.G. § 1B1.11(b)(3), does not violate the Ex Post Facto Clause. Section 1B1.11(b)(3) was added to the guidelines on November 1, 1993. Lewis therefore had ample warning, when she committed the later acts of tax evasion, that those acts would cause her sentence for the earlier crime to be determined in accordance with the Guidelines Manual applicable to the later offenses, and thus that the intervening amendment to the tax table would apply. Accordingly, it was not § 1B1.11(b)(3) that disadvantaged Lewis, but rather her decision to commit further acts of tax evasion after the effective date of the 1993 guidelines. *See Cooper*, 35 F.3d at 1250.

## B.

This court has consistently held that, while facts necessary for conviction must be proved beyond a reasonable doubt in order to satisfy the requirements of due process, facts relevant to a sentencing determination need only be proved by a preponderance of the evidence. *See, e.g.*, *United States v. Urrego-Linares*, 879 F.2d 1234, 1237-38 (4th Cir. 1989). In her reply brief, however, Lewis argues that her sentence was imposed in violation of the Due Process Clause because the tax loss on which her guideline range was based was not charged in the indictment and found by the jury beyond a reasonable doubt.[2] In making this argument, Lewis relies on the recent decision of the Supreme Court in *Apprendi v. New Jersey*, 120 S. Ct. 2348, 2362-63 (2000), in which the Court held that "any fact that increases the pen-

---

[2]Lewis also argues that the district court failed to make adequate factual findings to support its calculation of the tax loss for sentencing purposes. We conclude that the district court made a reasonable estimate of the loss based upon the available facts. *See* U.S.S.G. § 2T1.1, comment. (n.1).

alty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."**³**

Because Lewis did not raise this argument in the district court, our review is for plain error only.**⁴** *See* Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 731-32 (1993); *see also United States v. Meshack*, 225 F.3d 556, 575 (5th Cir. 2000) (noting that *Apprendi* claims would be reviewed for plain error when no objection was raised before the district court); *cf. United States v. David*, 83 F.3d 638, 645 (4th Cir. 1996) (explaining that plain error review is appropriate when "an objection at trial would have been indefensible because of existing law, but a supervening decision prior to appeal reverses that well-settled law"). In order to establish our authority to notice an error not preserved by a timely objection, Lewis must show that an error occurred, that the error was plain, and that the error affected her substantial rights. *See Olano*, 507 U.S. at 732; *United States v. Cedelle*, 89 F.3d 181, 184 (4th Cir. 1996). Even if Lewis can satisfy these requirements, correction of the error remains within our

---

**³***Apprendi* was decided after Lewis filed her opening brief, and she raised her due process claim in her reply brief, the next available opportunity. This court has held that "an issue first argued in a reply brief is not properly before a court of appeals." *Cavallo v. Star Enter.*, 100 F.3d 1150, 1152 n.2 (4th Cir. 1996). There is some authority, however, for the proposition that special circumstances may justify deviation from this rule. *See, e.g.*, *United States v. Valdez*, 195 F.3d 544, 546 n.3 (9th Cir. 1999) (observing that court may exercise discretion to consider argument raised in reply brief when issue is purely legal or review would prevent manifest injustice); *United States v. Darden*, 70 F.3d 1507, 1549 n.18 (8th Cir. 1995) (stating that court would not consider issues raised in reply brief "[a]bsent some reason" why the claims were not raised earlier); *cf. United States v. All Assets & Equip. of West Side Bldg. Corp.*, 58 F.3d 1181, 1191 (7th Cir. 1995) (holding that issue was not waived when raised at first opportunity); *cf. also Griffith v. Kentucky*, 479 U.S. 314, 328 (1987) (holding that new rules of criminal procedure are retroactively available to cases pending on direct review). Because the claim is without merit in any event, we need not decide whether it was properly raised.

**⁴**We note that in addressing a similar claim, *United States v. Angle*, 230 F.3d 113 (4th Cir. 2000), conducted harmless-error review, which is the appropriate standard for issues first raised in the district court.

sound discretion, which we "should not exercise . . . unless the error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *Olano*, 507 U.S. at 732 (second alteration in original) (quoting *United States v. Young*, 470 U.S. 1, 15 (1985)); *see David*, 83 F.3d at 641.

We conclude that there was no error. The decision of the Supreme Court in *Apprendi* was, by its terms, limited to facts that increase punishment beyond the prescribed statutory maximum. Here, because no fact found by the district court in determining Lewis' sentence resulted in a penalty greater than the applicable statutory maximum, Lewis' due process rights were not violated. *See Meshack*, 225 F.3d at 576-77.

## C.

Lewis next challenges the restitution order entered by the district court. Although the presentence report indicated that restitution was not an issue, at the sentencing hearing the district court imposed restitution of $105,651.69 as a special condition of supervised release.[5] This figure apparently was provided to the court by the Government during the sentencing hearing. The court did not make any factual findings as to the proper amount of restitution or as to Lewis' ability to pay. *See* 18 U.S.C.A. § 3556 (West 2000) (providing that a court must comply with 18 U.S.C.A. § 3664 in ordering restitution as a condition of supervised release); *United States v. Castner*, 50 F.3d 1267, 1277 (4th Cir. 1995) (explaining that § 3664(a) requires a district court to make explicit factual findings prior to entering an order of restitution). Accordingly, we vacate this aspect of Lewis' sentence and remand for further proceedings.

---

[5]Pointing to the Judgment and Commitment Order, which sets forth the restitution amount elsewhere than in the section pertaining to conditions of supervised release, Lewis argues that the district court improperly imposed restitution as part of her sentence. Because we vacate the restitution order for other reasons, we need not determine whether this technical error would require remand in and of itself.

### III.

In sum, we affirm Lewis' convictions and the application of the sentencing guidelines. However, we vacate the order of restitution and remand for further proceedings consistent with this opinion.

*AFFIRMED IN PART, VACATED AND*
*REMANDED IN PART*