UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
                    *Plaintiff-Appellee,*

v.                                              No. 00-4403

LUCIUS ROGERS,
                    *Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
John T. Copenhaver, Jr., District Judge.
(CR-00-5)

Submitted: January 31, 2001

Decided: February 20, 2001

Before WIDENER, LUTTIG, and WILLIAMS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Matthew A. Victor, Charleston, West Virginia, for Appellant.
Rebecca A. Betts, United States Attorney, Samuel D. Marsh, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Lucius Merritt Rogers appeals his criminal sentence imposed for aiding and abetting in the attempted possession of cocaine with the intent to distribute. We affirm.

Rogers first contends that his sentence runs afoul of the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000), because drug quantity was neither charged in the indictment nor submitted to the jury, but was rather determined by the court at sentencing as a sentencing factor. Under *Apprendi*, any fact, other than prior conviction, that increases the maximum penalty for a crime is an element of the offense, and as such, must be charged in the indictment, submitted to a jury, and proven beyond a reasonable doubt. *Apprendi*, 530 U.S. at ___, 120 S. Ct. at 2362-63. This court, however, has held that *Apprendi* does not apply to a judge's exercise of sentencing discretion within a statutory range so long as a defendant's sentence is not set beyond the maximum term specified in the substantive statute. *United States v. Kinter*, 235 F.3d 192, 199-200 (4th Cir. 2000); *United States v. Lewis*, 235 F.3d 215, 219 (4th Cir. 2000) (applying a plain error standard of review). Because Rogers' sentence of 121 months is below the lowest possible statutory maximum of twenty years, the sentence is permissible under *Lewis* and *Kinter*. We therefore find no reversible error as to this claim.

Rogers next argues that, assuming that *Apprendi* is inapplicable, the district court erred in determining drug quantity because its relevant conduct determination relied upon the testimony of two witnesses, both of whom were unreliable. We review the district court's determination in this regard for clear error, *United States v. Fletcher*, 74 F.3d 49, 55 (4th Cir. 1996), and note that the Government has the burden of establishing the amount by a preponderance of the evidence. *United States v. D'Anjou*, 16 F.3d 604, 614 (4th Cir. 1994). In conducting this review, the district court's application of the Sentencing Guidelines are given "due regard to the opportunity of the district court to judge the credibility of witnesses." 18 U.S.C. § 3742(e) (1994).

Rogers argues that the testimony offered by Johnson and Reed was so contradictory and unworthy of credence that the district court clearly erred in relying upon their statements. A review of the record reveals that, although their statements are at times contradictory and occasionally border on the incredible, the district court was thoroughly aware of these contradictions and credibility issues and took these concerns into account, using only those portions of the testimony that the district court determined to be credible and only the lowest estimates of amounts within those portions. Given this approach, we conclude that the district court's credibility determination and its ultimate determination of quantity should not be disturbed on appeal.

Accordingly, we affirm Rogers' sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*