**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
                 *Plaintiff-Appellee,*

v.                                                      No. 00-4213

DANIEL JAVIER HURON,
                 *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
James R. Spencer, District Judge.
(CR-99-206)

Submitted: January 26, 2001

Decided: February 23, 2001

Before WILKINS and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

Robert L. Flax, FLAX & STOUT, Richmond, Virginia, for Appellant.
Rodney LaMont Jefferson, OFFICE OF THE UNITED STATES
ATTORNEY, Richmond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Daniel Javier Huron appeals his conviction, pursuant to a guilty plea, for conspiracy to distribute cocaine and cocaine base and sentence of 151 months' imprisonment. Huron pleaded guilty, stipulating to the distribution of both powder cocaine and cocaine base. Additionally, Huron waived his right to appellate review in his plea agreement. Huron's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), indicating that, in his view, there are no meritorious issues for appeal. Huron filed a pro se supplemental brief raising six issues for appeal.

First, Huron claims that his attorney lost interest when Huron could not raise additional funds to pay for his defense, and that his attorney pressured him to plead guilty. Claims of ineffective assistance of counsel, however, are generally not cognizable on direct appeal unless error is apparent from the record. *See United States v. Richardson*, 195 F.3d 192, 198 (4th Cir. 1999), *cert. denied*, 528 U.S. 1096 (2000); *United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997).

Four of Huron's claims relate to the validity of his guilty plea. We have reviewed the record and find that Huron's plea was knowing and voluntary. The guilty plea, therefore, constitutes an admission of the material elements of the crime, *see McCarthy v. United States*, 394 U.S. 459, 466 (1969), and waives non-jurisdictional errors. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973). We find Huron's sentence is valid under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because the sentence did not exceed the twenty-year statutory maximum. *See United States v. Kinter*, ___ F.3d ___, 2000 WL 1853317 (4th Cir. Dec. 19, 2000) (No. 99-4621); *United States v. Lewis*, ___ F.3d ___, 2000 WL 1853376 (4th Cir. Dec. 19, 2000) (No. 00-4016).

Finally, Huron argues that his career offender classification is invalid as a matter of law. Huron did not object to the classification at sentencing, therefore, we review for plain error. *See* Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 731-32 (1993). Finding none, we affirm.

Pursuant to *Anders*, this court has reviewed the record for reversible error and found none. We therefore affirm the conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*