**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

CLEAMON ANDERSON, a/k/a Carmel,
          *Defendant-Appellant.*

No. 00-7183

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Rebecca B. Smith, District Judge.
(CR-94-163-2-11)

Submitted: February 22, 2001

Decided: March 2, 2001

Before WIDENER and WILLIAMS, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Cleamon Anderson, Appellant Pro Se. Laura P. Tayman, OFFICE OF
THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appel-
lee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

## OPINION

PER CURIAM:

Cleamon Anderson pled guilty in 1995 to conspiracy with intent to distribute and possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841 (1994). He was sentenced to 210 months in prison. He did not file a direct appeal. In June 2000, he filed a motion under 18 U.S.C.A. § 3582(c)(2) (West 2000), seeking a reduction in his sentence. Anderson alleged that he was sentenced based on a sentencing range that was subsequently lowered and that his sentence violates *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The district court denied relief, and Anderson timely appealed.

On appeal, Anderson asserts only that his sentence violates *Apprendi*. This claim is more appropriately construed as a motion under 28 U.S.C.A. § 2255 (West Supp. 2000). This court has held that *Apprendi* does not apply to a judge's exercise of sentencing discretion within a statutory range, so long as a defendant's sentence is not set beyond the maximum term specified in the substantive statute. *United States v. Kinter*, 235 F.3d 192, 201-02 (4th Cir. 2000); *United States v. Lewis*, 235 F.3d 215, 219 (4th Cir. 2000). Because Anderson's sentence of 210 months does not exceed the statutory maximum set out in 21 U.S.C. § 841(b)(l)(C) for core offenses without enhancement for drug quantity, we find that his sentence is permissible under *Apprendi*. *United States v. Aguayo-Delgado*, 220 F.3d 926, 933 (8th Cir. 2000), *cert. denied*, 121 S. Ct. 600 (2000). Consequently, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*