UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

JIMMIE DAVIS PENN,
        *Defendant-Appellant.*

No. 00-4128

Appeal from the United States District Court
for the Western District of Virginia, at Danville.
Jackson L. Kiser, Senior District Judge.
(CR-99-6)

Submitted: January 31, 2001

Decided: March 6, 2001

Before WILKINS, WILLIAMS, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

David D. Walker, Salem, Virginia, for Appellant. Robert P. Crouch, Jr., United States Attorney, Donald R. Wolthuis, Assistant United States Attorney, John R. Newby, Third-Year Law Intern, Roanoke, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Jimmie Davis Penn appeals his convictions, pursuant to a guilty plea, for conspiracy to distribute powder cocaine and crack cocaine, in violation of 21 U.S.C.A. §§ 841(a)(1), 846 (West 1999), and aiding and abetting possession with intent to distribute powder cocaine, in violation of 18 U.S.C. § 2 (1994) & 21 U.S.C.A. § 841(a)(1), and his resulting sentence of 240 months' imprisonment. On appeal, Penn argues that the drug quantity found by the court at sentencing should be set aside as violating the requirements of *Apprendi v. New Jersey*, 120 S. Ct. 2348 (2000); and alternatively, that the court's determination of drug quantity and type was clear error. Finding no error, we affirm.

We find Penn's sentence is valid under *Apprendi v. New Jersey*, 120 S. Ct. 2348 (2000), because the sentence did not exceed the thirty-year statutory maximum applicable when a 18 U.S.C. § 851 (1994) information is filed. *See United States v. Kinter*, 235 F.3d 192, 2000 WL 1853317 (4th Cir. Dec. 19, 2000) (No. 99-4621); *United States v. Lewis*, 235 F.3d 215, 2000 WL 1853376 (4th Cir. Dec. 19, 2000) (No. 00-4016).

This court reviews for clear error the district court's factual finding concerning the amount of drugs attributable to a defendant for sentencing purposes. *United States v. Randall*, 171 F.3d 195, 210 (4th Cir. 1999), *cert. denied*, 121 S. Ct. 248 (2000). When the precise amount of drugs involved in the violation is not known, district courts are called upon to approximate the quantity for which each defendant will be held responsible. *U.S. Sentencing Guidelines Manual* § 2D1.1 (1998). Furthermore, a conspirator may be held accountable for all quantities of contraband attributable to the conspiracy that were reasonably foreseeable and within the scope of the conspiratorial agreement. *United States v. Gilliam*, 987 F.2d 1009, 1012-13 (4th Cir. 1993); USSG § 1B1.3(a)(1)(B) & comment. (n.2). We find that the district court did not clearly err in attributing eighty-five grams of crack cocaine to Penn. There is adequate evidence in the record that Penn knew that Tahlib, one of his co-conspirators, cooked the powder cocaine Penn sold him into crack.

We therefore affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*