**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

ROHAN ST. AURBYN LEMON, a/k/a
Jimmy Lemon,

*Defendant-Appellant.*

No. 00-4352

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Peter J. Messitte, District Judge.
(CR-98-62-PJM)

Submitted: December 21, 2000

Decided: March 12, 2001

Before WILKINS, MICHAEL, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

### COUNSEL

David B. Smith, ENGLISH & SMITH, Alexandria, Virginia; Jeffrey
D. Zimmerman, Alexandria, Virginia, for Appellant. Lynne A. Battaglia, United States Attorney, Stuart A. Berman, Assistant United
States Attorney, James M. Trusty, Assistant United States Attorney,
Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Rohan St. Aurbyn Lemon, a/k/a "Jimmy Lemon," appeals his sentence of 188 months' imprisonment for two counts of drug trafficking violations, 18 U.S.C.A. §§ 841(a), 846 (West 1999). He does not appeal the underlying convictions for the drug trafficking offenses or four related convictions and sentences for customs fraud and making false statements. We therefore affirm his conviction as to all six counts of the indictment and judgment and affirm the sentences to counts three through six for the customs and false statement offenses.

Lemon raises four issues on appeal regarding the calculation of drug quantity attributable to him and a sentencing enhancement for serving a managerial role under *U.S. Sentencing Guidelines Manual* § 3B1.1(b) (1998). We have carefully reviewed each claim and finding no reversible error, we affirm.

First, Lemon argues that his sentences on the drug offenses are unlawful because the drug quantity involved in the offenses was neither charged in the indictment nor submitted to a jury and proved beyond a reasonable doubt. Because Lemon failed to raise this argument before the district court, our review is for plain error. *See* Fed. R. Crim. P.52(b); *United States v. Olano*, 507 U.S. 725, 731-32 (1993). For this Court to notice plain error, Lemon must demonstrate that an error occurred, that the error was plain, and that the error affected his substantial rights. *See Olano*, 507 U.S. at 732.

While this appeal was pending, the Supreme Court, in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), held as a principle of constitutional law that, except for "the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 2362-63. In this case, the amount of marijuana was not

alleged in the indictment or submitted to the jury; therefore, pursuant to 21 U.S.C.A. § 841(b)(1)(D) (West 1999), the maximum sentence Lemon faces on each count without regard to drug quantity is five years. *See United States v. Kinter*, 235 F.3d 192 (4th Cir. 2000); *United States v. Lewis*, 235 F.3d 215 (4th Cir. 2000).

In the case of multiple counts of conviction, the guidelines instruct that if the total punishment mandated by the guidelines exceeds the highest statutory maximum, the district court must impose consecutive terms of imprisonment to the extent necessary to achieve the total punishment. *See* U.S.S.G. § 5G1.2(d); *United States v. White*, ___ F.3d ___, 2001 WL 87453, at *4 (4th Cir. Feb. 1, 2001) (No. 99-4578). Because "§ 5G1.2(d) requires the imposition of consecutive terms on each count until the guideline punishment is achieved," *see White*, 2001 WL 87453, at *4, Lemon's substantial rights were not affected. Accordingly, we find no plain error.

Lemon also challenges the district court's calculation of drug quantity, conversion of cash and real property into equivalent weight of marijuana, and application of a three-level enhancement for managerial role in the conspiracy. We review these claims for clear error. *See United States v. Love*, 134 F.3d 595, 606 (4th Cir. 1998) (holding factual determinations of drug quantity are reviewed for clear error); *United States v. Daughtrey*, 874 F.2d 213, 217 (4th Cir. 1989) (holding application of sentence enhancement is reviewed for clear error). We have reviewed the record and find no reversible error as to these claims. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*