UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
       *Plaintiff-Appellee,*

v.

KENNETH R. HENSLEY,
       *Defendant-Appellant.*

No. 00-4669

Appeal from the United States District Court
for the Western District of Virginia, at Abingdon.
James P. Jones, District Judge.
(CR-98-48)

Submitted: February 20, 2001

Decided: March 12, 2001

Before WILLIAMS and TRAXLER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

David L. Scyphers, SCYPHERS & AUSTIN, P.C., Abingdon, Virginia, for Appellant. Robert P. Crouch, Jr., United States Attorney, Rick A. Mountcastle, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Kenneth R. Hensley appeals the seventy-month sentence imposed after a jury found him guilty of being a felon in possession of firearms and ammunition, in violation of 18 U.S.C.A. § 922(g) (West 2000).[1] On appeal, Hensley challenges the burden of proof applied at sentencing, asserts that basing an enhancement on acquitted conduct violates the Double Jeopardy Clause, and argues that he should not have received a two-level enhancement under *U.S. Sentencing Guidelines Manual*, § 3C1.1 (1998), for obstruction of justice. Finding no reversible error, we affirm.

Hensley first argues that the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), requires the Government at sentencing to prove beyond a reasonable doubt that he obstructed justice. We have held to the contrary. *See United States v. Lewis*, 235 F.3d 215, 219 (4th Cir. 2000) (applying a plain error standard of review); *United States v. Kinter*, 235 F.3d 192, 201 (4th Cir. 2000) (holding that *Apprendi* does not apply to a judge's exercise of sentencing discretion within a statutory range so long as a defendant's sentence is not set beyond the maximum term specified in the substantive statute).[2]

---

[1]Hensley also initially was convicted of conspiring with William G. Roark to knowingly make materially false statements to the Bureau of Alcohol, Tobacco, and Firearms ("BATF") and the grand jury (count 2), and of knowingly making a false material statement to the BATF (count 3). We vacated these convictions and resulting sentences, finding that the admission of a nontestifying co-defendant's statements violated Hensley's Sixth Amendment right to confront the witnesses against him. *United States v. Hensley*, No. 99-4615 (4th Cir. Mar. 30, 2000) (unpublished). On remand, the Government retried Hensley on counts 2 and 3, the jury found him not guilty, and the court resentenced him on the felon-in-possession count.

[2]Here, Hensley's seventy-month sentence falls well within the ten-year maximum. 18 U.S.C.A. § 924(a)(2) (West 2000) ("Whoever knowingly violates [§ 922(g)] shall be . . . imprisoned not more than 10 years").

We therefore find no plain error with regard to this claim. *United States v. Pratt*, ___ F.3d ___, 2001 WL 101457, at *6 (4th Cir. Feb. 7, 2001) (stating standard of review).

Next, Hensley asserts that applying the obstruction of justice enhancement violates the Double Jeopardy Clause. We review this claim for plain error and find none. *Id.* A jury's finding of not guilty does not preclude a district court from enhancing a sentence based on conduct underlying charges on which a defendant is acquitted. *Monge v. California*, 524 U.S. 721, 728 (1998) ("Historically, we have found double jeopardy protections inapplicable to sentencing proceedings . . . ."); *United States v. Watts*, 519 U.S. 148, 157 (1997) (per curiam) (holding that "a jury's verdict of acquittal does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as that conduct has been proved by a preponderance of the evidence"); *United States v. Martinez*, 136 F.3d 972, 979 (4th Cir. 1998) (same).

Finally, Hensley contends that even if the proper standard at sentencing is preponderance of the evidence, the district court erred in applying the enhancement because the Government failed to meet its burden of proof. The district court found by a preponderance of the evidence, *Lewis*, 235 F.3d at 218, that Hensley obstructed justice by (1) providing false information to investigators regarding ownership of the gun, (2) suborning perjury when he asked Roark (Hensley's co-defendant) to tell the investigators and the grand jury that Roark owned the gun, and (3) testifying falsely at the first trial by denying ownership of the gun. The court also found that these statements were material and that Hensley willfully made them. USSG § 3C1.1, comment. (n.4(b), n.4(g)); *United States v. Dunnigan*, 507 U.S. 87, 94-96 (1993) (holding that defendant who commits perjury qualifies for obstruction of justice enhancement). Our review of the record leads us to conclude that the district court's findings were not clearly erroneous. *United States v. Davis*, 202 F.3d 212, 221 n.15 (4th Cir.) (stating standard of review), *cert. denied*, 120 S. Ct. 2675 (2000).

Accordingly, we affirm Hensley's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*