**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

ANTONE HENRY POINDEXTER,

*Defendant-Appellant.*

No. 00-4531

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
James C. Cacheris, Senior District Judge.
(CR-97-79)

Submitted: February 28, 2001

Decided: March 26, 2001

Before WILKINS, NIEMEYER, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

Carl C. Muzi, Richmond, Virginia, for Appellant. Helen F. Fahey,
United States Attorney, Stephen W. Miller, Assistant United States
Attorney, Richmond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

---

**OPINION**

PER CURIAM:

A jury convicted Antone Henry Poindexter of conspiracy to acquire firearms through straw purchasers, four counts of possession of a firearm by a convicted felon, and four counts of making false statements to a firearms dealer. He appeals his convictions on the grounds that the district court erred in denying his motion to substitute counsel, that his due process rights were violated, and that counsel was ineffective. Finding no reversible error, we affirm.

Poindexter challenges his convictions, asserting that the district court erred in denying his motion to substitute counsel. Our review of the record leads us to conclude that the district court did not abuse its discretion in denying the motion. *United States v. DeTemple*, 162 F.3d 279, 288 (4th Cir. 1998) (stating standard of review and discussing factors court must consider), *cert. denied*, 526 U.S. 1137 (1999).

Next, Poindexter asserts that preindictment delay significantly prejudiced his ability to have a fair trial, in violation of the Due Process Clause. However, Poindexter did not challenge the indictment on this ground before trial, and his failure to do so results in waiver of the issue on appeal. Fed. R. Crim. P. 12(b)(1). Poindexter never sought relief below for his default by showing cause, Fed. R. Crim. P. 12(f), and fails to establish plain error on appeal. *United States v. Lewis*, 235 F.3d 215, 218 (4th Cir. 2000) (stating standard of review on appeal); *United States v. Automated Med. Labs., Inc.*, 770 F.2d 399, 403-04 (4th Cir. 1985) (providing standard for claims of preindictment delay).

Finally, Poindexter raises numerous claims of ineffective assistance of counsel. We decline to review these claims on direct appeal because Poindexter failed to show conclusively from the face of the record that counsel provided ineffective representation. *United States v. Richardson*, 195 F.3d 192, 198 (4th Cir. 1999) (providing standard and noting that ineffective assistance of counsel claims generally should be raised by motion under 28 U.S.C. § 2255), *cert. denied*, 528 U.S. 1096 (2000).

Accordingly, we affirm Poindexter's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*