# UNITED STATES COURT OF APPEALS

**UNPUBLISHED**

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

No. 00-4148

KEVIN DARNELL ANDERSON,

*Defendant-Appellant.*

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Peter J. Messitte, District Judge.
(CR-98-309)

Submitted: March 23, 2001

Decided: April 5, 2001

Before WILKINS, NIEMEYER, and LUTTIG, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Paul S. Rosenzweig, ROSENZWEIG LAW OFFICE, L.L.P., Washington, D.C., for Appellant. Lynne A. Battaglia, United States Attorney, Rod J. Rosenstein, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Kevin Darnell Anderson was convicted of being a felon in possession of a firearm. He was convicted by jury and sentenced to 96 months imprisonment. Anderson raises four issues on appeal. For the reasons that follow, we affirm.

First, Anderson alleges that the district court erred by denying his motion to suppress his confession to owning the gun at issue. We do not find that the district court erred in either its factual or legal finding that Anderson voluntarily admitted the gun was his and thus his statements should not be suppressed as the product of an improper interrogation. *See United States v. Allen*, 159 F.3d 832, 838 (4th Cir. 1998) (stating standards of review); *Rhode Island v. Innis*, 446 U.S. 291, 301-02 (1980) ("police surely cannot be held accountable for the unforeseeable results of their words or actions"); *see also United States v. Gonzales*, 121 F.3d 928, 939-40 & n.7 (5th Cir. 1997) (clarification of spontaneous statement is not considered an interrogation).

Second, we do not find that the district court abused its broad discretion by admitting certain evidence, *United States v. Bostian*, 59 F.3d 474, 480 (4th Cir. 1995), or that Anderson was unduly prejudiced thereby. *United States v. Love*, 134 F.3d 595, 603 (4th Cir. 1998).

Next, this court has rejected Anderson's assertion that his conviction and sentence has been rendered invalid by the Supreme Court's opinion in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *See United States v. Kinter*, 235 F.3d 192, 199-200 (4th Cir. 2000), *cert. denied*, 2001 WL 185105 (U.S. Mar. 19, 2001) (No. 00-8591); *United States v. Lewis*, 235 F.3d 215, 219 (4th Cir. 2000).

Finally, we do not find that the district court clearly erred by refusing to grant Anderson's motion for a downward departure. *United States v. Holt*, 79 F.3d 14, 17 (4th Cir. 1996). Anderson failed to qualify as one of the "rare situations" where a defendant may go to trial and still qualify for the departure. *U.S. Sentencing Guidelines Manual* § 3E1.1 comment. (n.2) (1998).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*