UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

RASHAAN JAMAR WATKINS, a/k/a
Robert Leon Alexander,
          *Defendant-Appellant.*

No. 00-4565

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

WILLIAM DURAN SPEIGHT,
          *Defendant-Appellant.*

No. 00-4569

Appeals from the United States District Court
for the Southern District of West Virginia, at Charleston.
Joseph Robert Goodwin, District Judge.
(CR-99-189)

Submitted: April 6, 2001

Decided: April 25, 2001

Before WIDENER and GREGORY, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Carl J. Roncaglione, Jr., Charleston, West Virginia; Robert A. Ratliff, Cincinnati, Ohio, for Appellants. Rebecca A. Betts, United States Attorney, Monica K. Schwartz, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Rashaan J. Watkins, William Duran Speight, and Trealane Bennett were charged with conspiracy to distribute and to possess with intent to distribute crack, possession with intent to deliver crack, and possession of firearms during a drug trafficking offense. Bennett pled guilty to all three charges and cooperated with the Government in its prosecution of Watkins and Speight. Watkins and Speight were convicted of the drug counts after a jury trial. They now appeal. For the following reasons, we affirm.

I.

Speight argues that the Government improperly promised Bennett that it would dismiss count three of the indictment (the firearm charge) after Appellants' trial, without disclosing said promise to Appellants. However, the Government's motion to dismiss Bennett's firearm conviction stated that the Government was making the motion in response to the district court's dismissal of count three as to Speight and Watkins after it determined that the indictment was deficient. The Government's motion explained that the Government wished to assure "some equality of justice" between Bennett, who pled guilty and cooperated, and Speight and Watkins. Speight offers no evidence that the Government had agreed, prior to Bennett's testi-

mony and the district court's decision to dismiss Speight's and Watkins' charges, to move to vacate the charge. Because the record does not support Speight's argument, it fails.

## II.

Speight and Watkins argue that their convictions and sentences violate the constitutional rule of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000), and that *Apprendi* has rendered the drug laws unconstitutional. Specifically, they contend that drug amounts not set forth in the indictment or proven beyond a reasonable doubt unconstitutionally increased their sentences.

In *Apprendi*, the Supreme Court held that the Constitution requires that any fact that increases the penalty for a crime beyond the prescribed statutory maximum, other than the fact of a prior conviction, must be submitted to the jury and proved beyond a reasonable doubt. 120 S. Ct. at 2362-63. We have held that *Apprendi* does not apply to a judge's exercise of sentencing discretion within a statutory range so long as a defendant's sentence is not set beyond the maximum term specified in the substantive statute. *United States v. Kinter*, 235 F.3d 192, 199-200 (4th Cir. 2000), *cert. denied*, ___ U.S. ___, 2001 WL 185705 (U.S. Mar. 19, 2001) (No. 00-8591); *United States v. Lewis*, 235 F.3d 215, 219 (4th Cir. 2000); *see also United States v. Aguayo-Delgado*, 220 F.3d 926, 933-34 (8th Cir.) (finding that *Apprendi* is not violated under 21 U.S.C.A. § 841 when the sentence is less than twenty years), *cert. denied*, 121 S. Ct. 600 (2000). Section 841(b)(1)(C) of Title 21, which sets the penalties for Speight's and Watkins' drug crimes, provides a sentencing range of up to twenty years imprisonment when no drug quantity is specified. Because Speight's sentence of 188 months and Watkins' sentence of 235 months do not violate the statutory maximum of § 841(b)(1)(C), their sentences are unaffected by *Apprendi*.

## III.

Appellants next challenge the district court's determination of relevant conduct for sentencing purposes. The court calculated the applicable drug amount by using the actual crack found in Speight's apartment, converting the cash found in the apartment into crack, and

crediting Bennett's testimony that there was at least one other buy of two ounces of crack not represented by the crack or money recovered from Speight's apartment.

A district court's findings on the amount of drugs attributable to a defendant for sentencing purposes are reviewed for clear error. *See United States v. Love*, 134 F.3d 595, 606 (4th Cir. 1998). The Government need only prove the amounts involved by a preponderance of the evidence. *United States v. Cook*, 76 F.3d 596, 604 (4th Cir. 1996). In addition, if the resolution of a disputed issue turns on the court's assessment of credibility, we will only disturb the credibility finding if it is clearly erroneous. *United States v. Williams*, 977 F.2d 866, 870 (4th Cir. 1992).

The district court was able to observe Bennett testify at the suppression hearing, trial and sentencing. Thus, its determination that Bennett was credible is entitled to due deference. Because the district court's conservative calculations were based on the actual drugs and money seized from Speight's apartment, as well as Bennett's testimony, they were not clearly erroneous.

## IV.

Speight asserts that the district court clearly erred in refusing to award a decrease in his base offense level for acceptance of responsibility under *U.S. Sentencing Guidelines* § 3E1.1 (1998). However, Speight utterly failed to demonstrate that he was entitled to a reduction for acceptance of responsibility. The district court found that he testified falsely at his motions hearing. He then proceeded to trial and was found guilty. Before his trial, he wrote letters to the United States Attorney, attempting to falsely exonerate his co-defendants. Furthermore, at sentencing, he challenged the amount of drugs attributed to him as relevant conduct, and he continues to do so on appeal. Based on the foregoing, the district court was clearly correct in denying an acceptance of responsibility adjustment.

## V.

Speight next challenges his obstruction of justice sentence enhancement, which was based on letters he wrote to the United

States Attorney, following his indictment, purporting to exonerate Watkins and Bennett. Speight argues that, since he was already indicted at the time he wrote and sent the letters, there was no Government investigation to impede. However, USSG § 3C1.1 provides that the enhancement is proper if the defendant obstructed or impeded justice during the course of the investigation, prosecution, or sentencing of the offense of conviction. Because Speight's letters sought to impede the investigation and prosecution of other members of his conspiracy, it is irrelevant that Speight had already been indicted.

## VI.

Finally, Watkins and Speight challenge the district court's denial of their motion to suppress. We have reviewed the record on this issue, as well as the district court's ruling from the bench and written order denying Appellants' motion for reconsideration, and we find no reversible error. Accordingly, we affirm the denial of the motion to suppress on the reasoning of the district court. *See* J.A. at 180-86, 218-20.

## VII.

Based on the foregoing, we affirm Watkins' and Speight's convictions and sentences. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*