**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　　*Plaintiff-Appellee,*

v.

TERENCE DEWAYNE BULLOCK,
　　　　　　　*Defendant-Appellant.*

No. 01-4434

Appeal from the United States District Court
for the Eastern District of Virginia, at Newport News.
Jerome B. Friedman, District Judge.
(CR-00-00060)

Submitted: February 12, 2002

Decided: February 28, 2002

Before NIEMEYER and WILLIAMS, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Larry Mark Dash, Newport News, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Timothy R. Murphy, Special Assistant United States Attorney, Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Terrence DeWayne Bullock was convicted by a jury of conspiracy in violation of 21 U.S.C.A. § 846 (West 1999), one count of distribution of cocaine base in violation of 21 U.S.C.A. § 841(a)(1) (West 1999 & Supp. 2001), 18 U.S.C. § 2 (1994), and one count of possession with intent to distribute marijuana in violation of 21 U.S.C.A. § 841, 18 U.S.C. § 2. The jury found Bullock responsible for more than fifty grams of cocaine base and less than fifty kilograms of marijuana in the conspiracy. The jury also found Bullock distributed more than fifty grams of cocaine base and possessed with intent to distribute less than fifty kilograms of marijuana. Bullock was sentenced on May 30, 2001, to a 380-month term of incarceration on the conspiracy charge, a 380-month term for the cocaine distribution conviction, and a 120-month term on the marijuana conviction all to run concurrently.

On appeal, Bullock challenges the sufficiency of the evidence based on the assertions that testimony offered by the Government witnesses was inconsistent and therefore incredible, and that the witnesses against him fabricated the story they told at trial. This Court does not review the credibility of the witnesses and assumes that the jury resolved all contradictions in the testimony in favor of the government. *United States v. Romer*, 148 F.3d 359, 364 (4th Cir. 1998). "The jury, not the reviewing court, weighs the credibility of the evidence and resolves conflicts in the evidence presented, and if the evidence supports different, reasonable interpretations, the jury decides which interpretation to believe." *United States v. Murphy*, 35 F.3d 143, 148 (4th Cir. 1994). Accordingly, Bullock's challenges to the sufficiency of the evidence and the witnesses' credibility must be denied.

Bullock's claims of error at sentencing are similarly without merit. Bullock's aggregate sentence of 380 months was not beyond the maximum term specified in the substantive statutes of conviction. Accordingly, the district court's findings do not implicate *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *United States v. Kinter*, 235 F.3d 192, 199-200 (4th Cir. 2000), *cert. denied*, ___ U.S. ___, 121 S. Ct. 1393 (2001); *United States v. Lewis*, 235 F.3d 215, 219 (4th Cir. 2000),

*cert. denied*, ___ U.S. ___, 2001 WL 410328 (U.S. Oct. 1, 2001) (No. 00-1605).

Bullock's convictions and sentence are affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*