**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　*Plaintiff-Appellee,*

v.

ANTONY LANG, a/k/a Tyric,
　　　　　　*Defendant-Appellant.*

No. 01-4654

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Lacy H. Thornburg, District Judge.
(CR-00-51-T)

Submitted: February 28, 2002

Decided: March 19, 2002

Before MICHAEL, MOTZ, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Eric A. Bach, Charlotte, North Carolina, for Appellant. Robert J. Conrad, Jr., United States Attorney, Brian L. Whisler, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Antony Lang pled guilty to four counts of bank fraud, 18 U.S.C. § 1344 (1994), and received a sentence of one year and one day. He appeals his sentence, alleging that the district court erred in finding that the offense was a completed fraud and refusing to decrease his offense level pursuant to *U.S. Sentencing Guidelines Manual* § 2X1.1 (2000). We affirm.

Lang and several co-defendants defrauded a number of banks in Charlotte, North Carolina, by having young women acquaintances open bank accounts in their own names and deposit fraudulent checks totaling $139,477 into these accounts. Under the direction of Lang and the others, the women withdrew over $49,000 before the fraud was detected. Lang was charged in a federal indictment with four counts of bank fraud. The indictment's thirteen introductory paragraphs described in detail how Lang and his co-defendants "recruited young women that they met at Charlotte-area college campuses and nightclubs to assist them in depositing fraudulent checks at Charlotte-area banks and then withdrawing the money before fraud was discovered." The introductory paragraphs were incorporated by reference into Counts One through Four, which each charged that the defendants "executed and attempted to execute a scheme and artifice to defraud" the banks specified in each count "and to obtain monies and funds owned by and under the custody and control of said banks . . . by means of false and fraudulent pretenses, representations, and promises." Each count further charged that "[i]t was part of the scheme and artifice that the defendants committed acts as set forth in the introductory paragraphs." Lang pled guilty to all four counts.

Lang asserted at sentencing that the actual loss of $49,000 should be used to compute his sentence, rather than the intended loss of $139,477, as recommended in the presentence report. He also argued that, if the intended loss was used, a 3-level decrease for an attempt should be applied under Application Note 8 to § 2F1.1,[1] Application

---

[1]Application Note 8 to § 2F1.1 provides that, "[c]onsistent with the provisions of § 2X1.1 (Attempt, Solicitation, or Conspiracy), if an intended loss that the defendant was attempting to inflict can be determined, this figure will be used if it is greater than the actual loss."

Note 2 to USSG § 2B1.1 (Theft),[2] and USSG § 2X1.1 (Attempt).[3] Lang argued that, because the full amount of fraudulent deposits was not withdrawn, the fraud was not completed and the offense was only an attempt. The district court denied Lang's request for a 3-level decrease in the offense level, thus finding in effect that the offense was a completed fraud.

On appeal, Lang argues that the district court erred in refusing to award him a 3-level decrease under USSG § 2X1.1. Because the facts are undisputed, this court's review of the district court's application of the sentencing guidelines is de novo. *United States v. Daughtrey*, 874 F.2d 213, 217-18 (4th Cir. 1989). Lang contends that his offense was an attempt because not all the deposited funds were withdrawn. He relies on *United States v. Mancuso*, 42 F.3d 836, 848-50 (4th Cir. 1994), and *United States v. Watkins*, 994 F.2d 1192, 1196 (6th Cir. 1993). In *Mancuso*, this court held that the district court should have applied § 2X1.1 because the offense of conviction was part of a larger, uncompleted fraud that comprised the defendants' relevant conduct. *Mancuso*, 42 F.3d at 848-50. In *Watkins*, the Sixth Circuit set out three factors that the district court must consider before using the intended loss: (1) whether the defendant intended to inflict the loss viewed as the intended loss; (2) whether the defendant was capable of inflicting the intended loss; and (3) whether the defendant had completed all acts necessary to complete the offense, *see* § 2X1.1(b)(1). Because the district court had not considered all three factors, the appeals court remanded for further proceedings. *Watkins*, 994 F.2d at 195-97.

---

[2]Application Note 2 to § 2B1.1 provides that "[i]n the case of a partially completed offense (*e.g.*, an offense involving a completed theft that is part of a larger, attempted theft), the offense level is to be determined in accordance with the provisions of § 2X1.1 (Attempt, Solicitation, or Conspiracy) whether the conviction is for the substantive offense, the inchoate offense (attempt, solicitation, or conspiracy), or both; *see* Application Note 4 in the Commentary to § 2X1.1."

[3]Under § 2X1.1(b), if the offense is an attempt, a three-level decrease applies unless the defendant completed all acts believed necessary to complete the offense, or was about to do so when he was apprehended or interrupted by an event beyond his control.

However, the bank fraud committed by Lang and his co-defendants was not part of a larger uncompleted offense. All Lang's criminal activity was accounted for in the counts to which he pled guilty. Moreover, in *United States v. Williams*, 81 F.3d 1321, 1327 (4th Cir. 1996), a case factually similar to Lang's case, we held that the offense of bank fraud is complete when the defendant "fraudulently obtained credit from . . . [the bank] in the form of a balance in a bank account." *Id.* at 1328. Under *Williams*, the district court properly found that Lang's offense was a completed fraud, and used the intended amount of loss to compute the offense level.

Lang attempts to distinguish *Williams* by repeating the argument he made in the district court, that the defendant in *Williams* was charged with fraud by depositing fraudulent funds while the indictment in his case charged that he fraudulently attempted to obtain money, that is, withdraw money, from the banks involved. His argument is baseless because the indictment charged a broad scheme or artifice to defraud the banks and obtain money from them "by means of false and fraudulent pretenses, representations, and promises." The indictment simply tracked the language of § 1344 and did not limit the charged offense to fraudulent withdrawals.

In his reply brief, Lang argues that the government shifted from a focus on fraudulent withdrawals in the indictment to fraudulent deposits at sentencing and thereby constructively amended the indictment. He relies on *United States v. Floresca*, 38 F.3d 706, 710 (4th Cir. 1994) (constructive amendment occurs when jury instructions expose defendant to criminal charge not made in indictment). An issue first raised in a reply brief is not properly before a court of appeals. *United States v. Lewis*, 235 F.3d 215, 218 n.3 (4th Cir. 2000) (quoting *Cavallo v. Star Enter.*, 100 F.3d 1150, 1152 n.2 (4th Cir. 1996)), *cert. denied*, 122 S. Ct. 39 (2001). Therefore, we need not address this issue.

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*