UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
         *Plaintiff-Appellee,*

v.                                                No. 01-4896

ANTHONY FLOYD JONES,
         *Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of West Virginia, at Clarksburg.
Irene M. Keeley, Chief District Judge.
(CR-01-20)

Submitted: April 25, 2002

Decided: May 6, 2002

Before WILLIAMS and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Stanton D. Levenson, Pittsburgh, Pennsylvania, for Appellant.
Thomas E. Johnston, United States Attorney, Zelda E. Wesley, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Anthony Jones appeals the sixty-month sentence he received after he pled guilty to aiding and abetting interstate travel to facilitate a conspiracy to distribute crack, in violation of 18 U.S.C.A. § 1952(a)(3) (West 2000). He contends that, at sentencing, the district court incorrectly applied the preponderance of the evidence standard in determining the amount of drugs attributable to the underlying offense. *See U.S. Sentencing Guidelines Manual* §§ 2E1.2, 2D1.1 (2000). Finding no reversible error, we affirm.

Jones contends that, if the district court had found him to be a credible witness at sentencing, his base offense level would have been twelve instead of thirty-four. Relying on *United States v. Kikumura*, 918 F.2d 1084 (3d Cir. 1990), Jones asserts that the court should have used the clear and convincing standard because it increased his base offense level by twenty-two levels. We disagree.

This court has consistently held that "facts relevant to a sentencing determination need only be proved by a preponderance of the evidence." *United States v. Lewis*, 235 F.3d 215, 218 (4th Cir. 2000) (citing *United States v. Urrego-Linares*, 879 F.2d 1234, 1237-38 (4th Cir. 1989)), *cert. denied*, 122 S. Ct. 39 (2001). In addition, the resolution of the disputed amount of drugs turned on the district court's assessment of the credibility of witnesses at the sentencing hearing, and we conclude that the court's determination was not clearly erroneous. *See United States v. Williams*, 977 F.2d 866, 870 (4th Cir. 1992).

Accordingly, we affirm Jones' sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*