# UNITED STATES COURT OF APPEALS

**UNPUBLISHED**

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　*Plaintiff-Appellee,*

v.

BOBBY LEE HAIRSTON,
　　　　　　*Defendant-Appellant.*

No. 03-4359

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, Chief District Judge.
(CR-02-144)

Submitted: October 20, 2003

Decided: March 29, 2004

Before NIEMEYER, LUTTIG, and MOTZ, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

Jeffrey B. Welty, Durham, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Bobby Lee Hairston pled guilty to armed bank robbery, in violation of 18 U.S.C. §§ 2113(a), 2113(d) (2000), discharge of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (2000), and aiding and abetting, in violation of 18 U.S.C. § 2 (2000). He was sentenced as a career offender to a total imprisonment term of 308 months. Hairston appeals his sentence, claiming that the district court erred in sentencing him as a career offender because he did not have a prior state conviction for assault but rather, was convicted of a lesser included misdemeanor offense. Finding no error, we affirm.

*U.S. Sentencing Guidelines Manual* § 4B1.1 (2002), defines a career offender as a defendant who (1) is at least eighteen years old, (2) is convicted of a felony that is either a crime of violence or a controlled substance offense, and (3) has at least two prior felony convictions of either a crime of violence or a controlled substance offense. USSG § 4B1.1. The district court's factual findings are reviewed for clear error, and its application of the sentencing guidelines is reviewed de novo. *United States v. Daughtrey*, 874 F.2d 213, 217 (4th Cir. 1989).

We have reviewed the record and conclude that the district court did not clearly err in finding that Hairston was convicted of assault in the third degree, rather than a lesser included misdemeanor offense. Because Hairston does not dispute that he meets the first two criteria for career offender status, Hairston concedes that prior convictions for assault in the third degree and breaking and entering a dwelling would meet the third criterion, and the district court did not clearly err in finding that Hairston was convicted of assault in the third degree, we find that the district court properly sentenced Hairston as a career offender.

Hairston argues for the first time in his reply brief that his assault conviction cannot be a predicate offense because it was obtained in the absence of counsel. "'[A]n issue first argued in a reply brief is not properly before a court of appeals.'" *United States v. Lewis*, 235 F.3d

215, 218 n.3 (4th Cir. 2000) (quoting *Cavallo v. Star Enter.*, 100 F.3d 1150, 1152 n.2 (4th Cir. 1996)). Therefore, we need not address this issue.

Accordingly, we affirm Hairston's sentence. We deny Hairston's motion for oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*