**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　*Plaintiff-Appellee,*

v.

LEONARD ROYDEAN HOLLAND,
　　　　　　*Defendant-Appellant.*

No. 00-4551

Appeal from the United States District Court
for the Western District of North Carolina, at Statesville.
Richard L. Voorhees, District Judge.
(CR-98-164)

Submitted: March 22, 2001

Decided: March 29, 2001

Before WILKINS, LUTTIG, and MICHAEL, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

Keith Stroud, Charlotte, North Carolina, for Appellant. Robert Jack Higdon, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Leonard Holland appeals from a 120-month sentence imposed following his guilty plea to conspiracy to possess with intent to distribute cocaine and cocaine base and conspiracy to commit money laundering. Holland's attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). Counsel states that there are no meritorious grounds for appeal but addresses the following issues: whether Holland's sentence violates *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000), because the drug quantity was neither charged in the indictment nor proven beyond a reasonable doubt, and whether Holland received ineffective assistance of counsel. Although Holland was informed of his right to file a supplemental brief, he has not done so.

Under *Apprendi*, any fact, other than a prior conviction, that increases the maximum penalty for a crime is an element of the offense, and as such, must be charged in the indictment, submitted to a jury, and proven beyond a reasonable doubt. 120 S. Ct. at 2362-63. This court, however, has held that *Apprendi* does not apply to a judge's exercise of sentencing discretion within a statutory range, so long as a defendant's sentence is not set beyond the maximum term specified in the substantive statute. *United States v. Kinter*, 235 F.3d 192, 201-02 (4th Cir. 2000), *petition for cert. filed* (Feb. 13, 2001) (No. 00-8591); *United States v. Lewis*, 235 F.3d 215, 219 (4th Cir. 2000) (applying a plain error standard of review). Because Holland's sentence of 120 months is below the lowest possible statutory maximum of twenty years, *see* 21 U.S.C.A. § 841(b) (West 1999), the sentence is permissible under *Lewis* and *Kinter*. We therefore find no reversible error as to this claim.

Claims of ineffective assistance of counsel are generally not cognizable on direct appeal. *United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997). Rather, such a claim must be brought in a motion under 28 U.S.C.A. § 2255 (West Supp. 2000), to allow for adequate development of the record. *United States v. Hoyle*, 33 F.3d 415, 418 (4th Cir. 1994). A claim may be brought, however, when the record conclusively establishes ineffective assistance. *King*, 119 F.3d at 295.

Our review of the record in this appeal does not conclusively establish ineffective assistance.

We have examined the entire record in this case in accordance with the requirements of *Anders*, and we find no meritorious issues for appeal. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion should state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*