**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
      *Plaintiff-Appellee,*

v.

WILLIAM JARRET EDWARDS,
      *Defendant-Appellant.*

No. 99-4853

UNITED STATES OF AMERICA,
      *Plaintiff-Appellee,*

v.

ALOYSIUS WAYNE STANLEY HALL,
      *Defendant-Appellant.*

No. 99-4854

Appeals from the United States District Court
for the District of South Carolina, at Florence.
Cameron McGowan Currie, District Judge.
(CR-99-162)

Submitted: November 30, 2000

Decided: May 8, 2001

Before WILLIAMS, MICHAEL, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Andrew D. Grimes, ANDREW D. GRIMES, P.A., Summerville,
South Carolina; James D. Dotson, Jr., Lake City, South Carolina, for

Appellants. Alfred William Walker Bethea, Assistant United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

William Jarret Edwards and Aloysius Wayne Stanley Hall pleaded guilty to conspiracy to possess cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846 (1994). They were sentenced to 100 months and 108 months, respectively. Counsel for Edwards has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), alleging that there are no meritorious grounds for appeal but addressing the following issues: (1) whether the district court erred in advising Edwards of the mandatory minimum sentence and the statutory maximum under 21 U.S.C. § 841(b)(1)(A) rather than 21 U.S.C. § 841(b)(1)(B); (2) whether Edwards entered his guilty plea knowingly and voluntarily; and (3) whether the district court erred in increasing Edwards' base offense level by two levels under *U.S. Sentencing Guidelines Manual* § 2D1.1(b)(1) (1998) for possessing a dangerous weapon. Counsel for Hall has also filed an *Anders* brief alleging that the district court erred in denying his motion to withdraw his guilty plea. Both Edwards and Hall have filed pro se supplemental briefs. We affirm.

Both Edwards and Hall argue on appeal that their guilty pleas were not knowing or voluntary. A guilty plea must be "a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970); *see Boykin v. Alabama*, 395 U.S. 238, 242 (1969). Upon reviewing the transcript of the plea hearing with respect to both Defendants, we find that Edwards' and Hall's guilty pleas were knowing and voluntary.

On appeal, Edwards also argues that the district court violated Fed. R. Crim. P. 11 by misinforming him of the mandatory minimum and statutory maximum sentence during the plea colloquy. In his informal brief, Hall indirectly makes the same claim. This Court generally reviews the adequacy of a guilty plea de novo, but in the Rule 11 context, violations are evaluated for harmless error. *United States v. Damon*, 191 F.3d 561, 564 n.2 (4th Cir. 1999) (citing *United States v. Goins*, 51 F.3d 400, 402 (4th Cir. 1995)). Any variance from the Rule 11 requirements that does not affect the substantial rights of the defendant is disregarded. Fed. R. Crim. P. 11(h); *United States v. DeFusco*, 949 F.2d 114, 117 (4th Cir. 1991).

Here, the district court informed both Edwards and Hall that the "worst case scenario" would place them under 21 U.S.C. § 841(b)(1)(A), which provides for a mandatory minimum of ten years imprisonment and a statutory maximum of life imprisonment. Both Defendants received less than a ten-year sentence and were therefore not detrimentally affected by the district court's statement. We further hold that the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), is not implicated in these cases because both Defendants were sentenced under the statutory maximum under 21 U.S.C. § 841(b)(1)(C). *See United States v. Kinter*, 235 F.3d 192, 199-200 (4th Cir. 2000) (holding that *Apprendi* does not apply to a judge's exercise of sentencing discretion within a statutory range so long as a defendant's sentence is not set beyond the maximum term specified in the substantive statute), *cert. denied*, 121 S. Ct. 1393 (2001); *United States v. Lewis*, 235 F.3d 215, 219 (4th Cir. 2000); *see also United States v. Aguayo-Delgado*, 220 F.3d 926, 933-34 (8th Cir.) (finding that *Apprendi* is not violated under 21 U.S.C.A. § 841 when the sentence is less than twenty years), *cert. denied*, 121 S. Ct. 600 (2000).

Edwards also maintains that the district court erred in increasing his base offense level by two levels for possessing a weapon under USSG § 2D1.1(b)(1). Because Edwards did not raise this issue in the district court, it is reviewed for plain error. *United States v. Olano*, 507 U.S. 725, 732-34 (1993). We find no error in the district court's application of the enhancement.

In his *Anders* brief, Hall maintains that the district court erred in failing to grant his motion to withdraw his guilty plea. A defendant

has no absolute right to withdraw a plea of guilty. *United States v. Ewing*, 957 F.2d 115, 118 (4th Cir. 1992). This Court reviews the district court's refusal to allow a defendant to withdraw a guilty plea under Fed. R. Crim. P. 32 for abuse of discretion. *United States v. Wilson*, 81 F.3d 1300, 1305 (4th Cir. 1996). Rule 32 of the Federal Rules of Criminal Procedure permits withdrawal of a guilty plea if the "defendant shows any fair and just reason." Fed. R. Crim. P. 32(e).

A trial court, when considering whether to allow a defendant to withdraw a guilty plea, must apply the six-factor analysis announced by this Court in *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991). Under *Moore*, a district court considers: (1) whether the defendant has offered credible evidence that his plea was not knowing and voluntary; (2) whether the defendant has credibly asserted his legal innocence; (3) whether there has been a delay between the entry of the plea and the filing of the motion; (4) whether the defendant had close assistance of competent counsel; (5) whether withdrawal will cause prejudice to the government; and (6) whether withdrawal will inconvenience the court and waste judicial resources. *Id.* Although all the factors in *Moore* must be given appropriate weight, the key to determining whether a Rule 32(e) motion should be granted is whether the Rule 11 hearing was properly conducted. *United States v. Puckett*, 61 F.3d 1092, 1099 (4th Cir. 1995). This Court closely scrutinizes the Fed. R. Crim. P. 11 colloquy and attaches a strong presumption that the plea is final and binding if the Rule 11 proceeding is adequate. *United States v. Lambey*, 974 F.2d 1389, 1394 (4th Cir. 1992).

In this case, the district court heard argument on Hall's motion, specifically considered each of the factors enunciated in *Moore*, and concluded that Hall did not present a "fair and just reason" warranting withdrawal of his guilty plea. We find no abuse of discretion in the court's denial of Hall's motion.

Accordingly, we affirm Edwards' and Hall's respective convictions and sentences. We have reviewed the arguments posed by Edwards and Hall in their respective pro se supplemental briefs and find them without merit. We further deny Edwards' motion to deconsolidate these cases and Hall's motion for the production of documents.

We have examined the entire record in these cases in accordance with the requirements of *Anders*, and find no meritorious issues for appeal. This Court requires that counsel inform their clients, in writing, of their right to petition the Supreme Court of the United States for further review. If the client request that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*