UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.

EDGAR BARCLAY DICKENS,
  *Defendant-Appellant.*

No. 01-4132

Appeal from the United States District Court
for the District of South Carolina, at Florence.
Cameron McGowan Currie, District Judge.
(CR-00-405)

Submitted: September 10, 2001

Decided: September 20, 2001

Before WIDENER and GREGORY, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Sharon Dunigan Jumper, Charlotte, North Carolina, for Appellant.
Scott N. Schools, United States Attorney, Alfred W. Bethea, Jr.,
Assistant United States Attorney, Florence, South Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Edgar Barclay Dickens appeals his sentence of 121 months for conspiracy to possess with intent to distribute MDMA in violation of 21 U.S.C.A. § 846 (West 1999). Dickens pled guilty to conspiracy to possess with intent to distribute MDMA. The presentence report initially established the base offense level at 38. Dickens received a three point reduction for acceptance of responsibility, resulting in a total offense level of 35. His criminal history category was II, resulting in a guideline range of 188 to 235 months. Dickens objected to factual information provided by his daughter as to their involvement with cocaine and cocaine base and objected as a matter of law that the inclusion of cocaine and cocaine base violated *Apprendi v. New Jersey*, 526 U.S. 466 (2000), and did not constitute relevant conduct within *U.S. Sentencing Guidelines Manual* § 1B1.3 (1998).

The district court rejected Dickens' *Apprendi* argument and also found that his involvement with cocaine and cocaine base occurred during the time of the conspiracy and was sufficiently connected or related to the conspiracy to be included as relevant conduct. The parties then stipulated to a base offense level of 34. After the sentencing hearing, the district court sentenced Dickens below the maximum statutory penalty of twenty years incarceration to 121 months imprisonment. Dickens timely appealed his sentence.

First, Dickens contends the inclusion of cocaine and cocaine base in the calculation of his base offense level violated *Apprendi*. The constitutional rule set out in *Apprendi* does not prohibit a sentencing court from finding, by a preponderance of the evidence, facts relating to the application of the guidelines, as long as the sentence imposed is less than the statutory maximum for the offense of conviction. *United States v. Lewis*, 235 F.3d 215, 219 (4th Cir. 2000) (applying a plain error standard of review), *petition for cert. filed*, Apr. 17, 2001

(No. 00-1605); *United States v. Kinter*, 235 F.3d 192, 201 (4th Cir. 2000), *cert. denied*, ___ U.S. ___, 121 S. Ct. 1393 (2001). Because Dickens' sentence of 121 months is below the 240-month statutory maximum in § 841(b)(1)(C), the concerns raised in *Apprendi* are not implicated. *E.g.*, *United States v. Angle*, 254 F.3d 514, 518 (4th Cir. 2001) (en banc), *petition for cert. filed*, No. 01-5838 (U.S. Aug. 16, 2001).

We conduct de novo review of legal interpretation of the guidelines and review the underlying factual findings for clear error. *See United States v. Williams*, 977 F.2d 866, 869 (4th Cir. 1992); *United States v. Daughtrey*, 874 F.2d 213, 217 (4th Cir. 1989). Conduct not specified in the count of conviction is relevant conduct if it is part of the same course of conduct or part of a common scheme or plan. USSG § 1B1.3(a)(2), comment. (n.9); *see Williams*, 977 F.2d at 870; *United States v. McNatt*, 931 F.2d 251, 258 (4th Cir. 1991). In determining whether uncharged conduct is part of the same course of conduct or common scheme as the offense of conviction, we look to the similarity, regularity, and temporal proximity. *See Williams*, 977 F.2d at 870; *United States v. Mullins*, 971 F.2d 1138, 1143-45 (4th Cir. 1992).

Dickens was charged with conspiracy to distribute MDMA from June 1998 through June 2000. Dickens and his daughter used, bought, and sold MDMA, cocaine, and crack cocaine during May and June 2000. Because Dickens' conduct involving the cocaine and crack cocaine were similar to and occurred during the same period as his conduct involving MDMA, we find the district court did not err in including cocaine and cocaine base as relevant conduct in calculating Dickens' base offense level.

Accordingly, we affirm Dickens' conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*