**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
### FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
             *Plaintiff-Appellee,*

v.                                              No. 01-4286

DEREK WILLIAM GARNER,
             *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, District Judge.
(CR-00-354)

Submitted: December 20, 2001

Decided: January 3, 2002

Before LUTTIG, TRAXLER, and GREGORY, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Louis C. Allen, III, Federal Public Defender, John A. Dusenbury, Jr., Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Benjamin H. White, Jr., United States Attorney, Steven H. Levin, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Derek William Garner appeals from a 112-month sentence imposed following his guilty plea to distribution of 130.6 grams of cocaine base, in violation of 21 U.S.C.A. § 841(a)(1), (b)(1)(A) (West 1999 & Supp. 2001). Garner's attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but raising the issue as to whether Garner's sentence violates *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because he was held accountable during sentencing for additional drug amounts neither charged in the indictment nor proven beyond a reasonable doubt. Garner has filed a pro se supplemental brief.

Under *Apprendi*, any fact, other than a prior conviction, that increases the maximum penalty for a crime is an element of the offense, and as such, must be charged in the indictment, submitted to a jury, and proven beyond a reasonable doubt. 530 U.S. at 490. This court, however, has held that *Apprendi* does not apply to a judge's exercise of sentencing discretion within a statutory range, so long as a defendant's sentence is not set beyond the maximum term specified in the substantive statute. *United States v. Kinter*, 235 F.3d 192, 201-02 (4th Cir. 2000), *cert. denied*, 121 S. Ct. 1393 (2001); *United States v. Lewis*, 235 F.3d 215, 219 (4th Cir. 2000) (applying a plain error standard of review). Because Garner's sentence of 112 months is below the lowest possible statutory maximum of life imprisonment, the sentence is permissible under *Lewis* and *Kinter*. We therefore find no reversible error as to this claim. We further find Garner's claims in his pro se supplemental brief without merit. Accordingly, we affirm Garner's sentence.

We have examined the entire record in this case in accordance with the requirements of *Anders*, and we find no meritorious issues for

appeal. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion should state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*