UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

  *Plaintiff-Appellee,*

v.

No. 01-4667

TONY L. GRAHAM,

  *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Gerald Bruce Lee, District Judge.
(CR-01-110-A)

Submitted: February 26, 2002

Decided: April 16, 2002

Before LUTTIG, WILLIAMS, and MICHAEL, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Jeffrey D. Zimmerman, LAW OFFICE OF JEFFREY D. ZIMMER-MAN, Alexandria, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Michael E. Rich, Assistant United States Attorney, William H. Stallings, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

---

## OPINION

PER CURIAM:

Tony L. Graham appeals his conviction, following a jury trial, for
unlawful possession of a firearm in violation of 18 U.S.C.A
§ 922(g)(1) (West 2000), and sentence to sixty-three months incarcer-
ation followed by three years supervised release. Finding no revers-
ible error, we affirm.

Graham first claims the district court erred in denying his Fed. R.
Crim. P. 29 motion for judgment of acquittal. We review a district
court's denial of a motion for judgment of acquittal de novo, asking
whether there is substantial evidence, taken in the light most favor-
able to the prosecution, to support a jury's finding of guilt. *See United
States v. Romer*, 148 F.3d 359, 364 (4th Cir. 1998); *United States v.
Burgos*, 94 F.3d 849, 862 (4th Cir. 1996). Based on our review of the
joint appendix, we find there is substantial evidence to support the
jury's conclusion that Graham previously had been convicted of a fel-
ony, that he voluntarily and intentionally possessed a firearm, and that
the firearm had traveled in or affected interstate commerce. 18 U.S.C.
922(g)(1). *See also United States v. Gallimore*, 247 F.3d 134, 136
(4th cir. 2001) (discussing elements of offense).

Graham next claims the district court erred in denying his motion
for a mistrial based on the Government's remarks during closing
argument about the veracity of a witness's testimony. We review the
denial of a motion for mistrial for abuse of discretion. *United States
v. Russell*, 221 F.3d 615, 618 (4th Cir 2000). The two-prong test for
assessing prosecutorial misconduct requires the court to determine:
(1) whether the prosecutor's remarks or conduct were improper, and
(2) whether such remarks or conduct prejudicially affected the defen-
dant's substantial rights so as to deprive him of a fair trial. *United
States v. Francisco*, 35 F.3d 116, 120 (4th Cir. 1994). Even if the
Government's statements were improper, we find Graham was not

prejudiced by these remarks. *See United States v. Mitchell*, 1 F.3d 235, 241 (4th Cir. 1993). We therefore conclude the district court did not abuse its discretion in denying Graham's motion for mistrial.

Graham next claims the district court's use of a cross reference, *see U.S. Sentencing Guidelines Manual* § 2K2.1(c)(1)(A) (2000), to sentence Graham under USSG § 2B3.1 for robbery violated the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *Apprendi* does not prohibit a sentencing court from finding facts relating to the application of the guidelines, as long as the sentence imposed is less than the statutory maximum for the offense of conviction. *United States v. Lewis*, 235 F.3d 215, 219 (4th Cir. 2000), *cert. denied*, 122 S. Ct. 39 (2001); *United States v. Kinter*, 235 F.3d 192, 201 (4th Cir. 2000), *cert. denied*, 532 U.S. 937 (2001). Because Graham's sixty-three month sentence is within the applicable ten year statutory maximum for the offense of conviction, *see* 18 U.S.C.A. § 924(a)(2) (West 2000), *Apprendi* is not implicated.

Graham finally claims the district court's assessment of a five-level enhancement pursuant to USSG § 2B3.1(b)(2)(C) for brandishing, displaying, or possessing a firearm in connection with robbery constituted impermissible double counting. A general cross reference "refers to the entire offense guideline." USSG § 1B1.5(a). Thus, we conclude the district court's enhancement of Graham's sentence under the guidelines for robbery did not constitute double counting.

Accordingly, we affirm Graham's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*