**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 04-4412**

───────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WILLIAM ADDERSON JARRETT,

Defendant - Appellant.

───────────

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Richard L. Williams, Senior District Judge. (CR-02-11)

───────────

Submitted:  November 30, 2004       Decided:  December 22, 2004

───────────

Before WILKINSON, WILLIAMS, and MOTZ, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Jeffrey L. Everhart, RICE, EVERHART & BABER, Richmond, Virginia, for Appellant.  Paul J. McNulty, United States Attorney, Michael J. Elston, Brian R. Hood, Assistant United States Attorneys, Richmond, Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

William Adderson Jarrett pled guilty to manufacturing child pornography, 18 U.S.C. § 2251(a) (2000), and receiving child pornography, 18 U.S.C. § 2252A(a)(2)(A) (2000) (five counts), reserving the right to appeal the district court's order denying his motion to suppress. Jarrett subsequently filed a motion for reconsideration of the denial of the motion to suppress. The district court deemed the motion to reconsider to include a motion to withdraw the guilty plea if the motion to suppress was granted; therefore, in granting the motion to suppress, the court granted Jarrett's motion to withdraw his guilty plea. On appeal by the Government, we reversed the district court's order suppressing the evidence and remanded for further proceedings. United States v. Jarrett, 338 F.3d 339 (4th Cir. 2003), cert. denied, 124 S. Ct. 1457 (2004). At sentencing, Jarrett moved to reenter a plea of not guilty. The district court, concluding that this court mandated reinstatement of the guilty plea, denied the motion and sentenced Jarrett to 235 months imprisonment. On appeal, Jarrett argues that the district court erred in (1) reinstating his guilty plea and (2) applying a revised version of the Sentencing Guidelines Manual when he was convicted of offenses committed before and after the effective date of the revised edition. Finding no reversible error, we affirm.

Jarrett first argues that the district court erred in not allowing him to reenter his plea of not guilty after this court reversed the district court's order granting his motion to suppress. Specifically, Jarrett maintains that the district court should have deferred to its earlier ruling in withdrawing Jarrett's guilty plea in light of the fact that this court did not address that issue in its opinion.

Clearly, Jarrett's guilty plea was conditioned on his right to appeal the district court's order denying his motion to suppress. The district court, in granting the motion to suppress on reconsideration, considered the guilty plea inextricably linked to its order granting the motion to suppress, and therefore deemed a motion to withdraw the guilty plea implicit in the motion to reconsider. Because this court reversed the suppression of evidence, the district court reinstated the guilty plea.

"Few legal precepts are as firmly established as the doctrine that the mandate of a higher court is 'controlling as to matters within its compass.'" United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993) (quoting Sprague v. Ticonic Nat'l Bank, 307 U.S. 161, 168 (1939)). That is, a district court must abide by the mandate of an appeals court and may not consider questions resolved by that mandate. Id. When a district court engages in further proceedings related to the matter resolved by the appellate court, the district court must follow both the letter and the spirit of

the mandate, taking into account the appellate court's opinion and the circumstances it embraces. Id. at 66-67.

Although this court's opinion was silent with respect to the guilty plea, given that the motion to suppress and the guilty plea were inextricably linked and that this court reversed the suppression of the evidence, the district court was following the "letter and spirit of the mandate" in reinstating Jarrett's guilty plea. At best, Jarrett's motion to reinstate his plea of not guilty can be construed as a motion to withdraw his guilty plea.

"A defendant has no 'absolute right' to withdraw a guilty plea, and the district court has discretion to decide whether a 'fair and just reason' exists upon which to grant a withdrawal." United States v. Bowman, 348 F.3d 408, 413 (4th Cir. 2003), cert. denied, 124 S. Ct. 1523 (2004). The district court's denial of a motion to withdraw a guilty plea is reviewed for abuse of discretion. United States v. Wilson, 81 F.3d 1300, 1305 (4th Cir. 1996). Given that Jarrett has proffered no "fair and just reason" for withdrawal, we find no abuse of discretion in the district court's denial of Jarrett's motion to withdraw the guilty plea.

Jarrett also contends that the district court's application of a five-level enhancement under U.S. Sentencing Guidelines Manual § 4B1.5(b)(1) (2003) constituted an ex post facto application of the guidelines, in violation of USSG § 1B1.11(b)(1). This court reviews the district court's factual findings at

sentencing for clear error, and its interpretation of a sentencing guideline de novo.  See United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir. 1989).  We find no error in the district court's application of the enhancement.  See  USSG § 1B1.11(b)(3) ("If the defendant is convicted of two offenses, the first committed before and the second after, a revised edition of the Guidelines Manual became effective, the revised edition of the Guidelines Manual is to be applied to both offenses."); see also United States v. Lewis, 235 F.3d 215, 217-18 (4th Cir. 2000) (explicitly rejecting an ex post facto argument when a revised edition of the Guidelines Manual was applied to offenses that predated and postdated the revision).

Accordingly, we affirm Jarrett's convictions and sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED